Mr. Justice Turner
delivered the opinion of the court.
The record in this case represents, in the caption, that an indictment was found by the grand jury of Jefferson county, at the June term, 1837, against George Overaker, which is in the words, &c. following, to wit, &c. Then follows a presentment, as of December term, 1837, and not an indictment, charging that the said George Overaker, late of the county of Jefferson, grocer, on the 10th day of December, 1837, did sell and give to certain negro slaves, naming their owners, spirituous liquors, without the permission of their master, &c. The record further states, that thereupon, capias issued, and the capias is copied, requiring the sheriff to arrest Overaker, &c. to answer to “ the indictment” preferred against him for “entertaining slaves,” at the June term, 1837. This warrant issued the 21st September, 1837, requiring bail in five hundred dollars. The sheriff’s return reads as follows : “ Received November 13, 1837. Executed November 14, 1838. George Torry, sheriff.” Nothing is said in this return about having taken a recognizance. But a recognizauce immediately follows, purporting to have been taken on the 14th November, 1S37, of George Overaker and G. H. Wilcox, by said sheriff, in the sum of five hundred dollars, for the appearance of said Overaker, to answer to an in *741 dictment preferred against said Overaker at the June term, 1837, for “ entertaining slaves,” and not to depart, &c., but continue to attend from term to term, &c.
The next entry in the record shows proceedings at the June term, 183S, by which it appears that the district attorney came on the part of the state “ in the four cases,” and the said Overaker, though called, came not, neither did Wilcox, the security in the recognizance, bring into court the body of the said Overaker ; whereupon a forfeiture of their recognizance, “ in these four cases,” was, by proclamation, taken, nisi. Then follows a scire facias, reciting, “Whereas George Overaker was, at the June term, 1837, of the circuit court of said county, for selling and giving to two negro men, to wit, Peter and Ben,” &c., without naming either presentment or indictment, and going on with other recitals, appearing to have relation to the previous proceedings, and requiring the sheriff to make known, &c. to said Overaker and Wilcox to appear, &c. and show cause why judgment, &c.; which sci. fa. has returns of “ Received November, 1838. Executed, &c. November, 1838; ” and at the December term, 1838, the judgment 'was made final for five hundred dollars against said Overaker and Wilcox.
The errors assigned, four in number, are, in substance, that there is no offence charged, either by presentment or indictment ; that there is no return of the sheriff, identifying and showing any recognizance on which to charge the plaintiff in error; that there is not any legal recognizance; and that the judgment of the court is not in conformity with the previous parts of the record and proceedings, but is a departure therefrom, &c.
It is very apparent that this record is full of errors, both in form and substance, and it is not made up with that care, and in that order, which the law requires. A record should be a united, properly connected and true history of the case. Some of the errors and omissions in this case could have been corrected in the court below. For instance, when the grand jury made a presentment of a misdemeanor which was within their own knowledge, the district attorney might have preferred an *742 indictment thereon, if he considered the accusation sustainable, and had a proper finding with the name of the prosecutor indorsed. See Chit. Crim. Law, 163. “After the presentment has been delivered into court by the grand inquest, in general an indictment is framed upon it by the officer of the court; for it is regarded merely as instructions for an indictment, to which the party accused must answer.” This is the general law* But in the Revised Code, 367, 368, this offence and the mode of proceeding are pointed out. The act authorizes proceedings by presentment, without indictment; and this presentment might have been returned to the grand jury which made it, for correction.
The offences charged are stated to have been committed at a day subsequent to the presentment. Whether this was a mistake or not, it is fatal. The offence of selling spirituous liquors to slaves, and entertaining them without permit, &c., is an offence presentable by the grand jury, by the act, Rev. Code, p. 368. I am not informed of any decision of this court on the subject, or of the repeal of that act.
The bench warrant, or capias which issued, sets forth an indictment “ for entertaining slaves,” when no indictment is shown, and “entertaining slaves” is not a proper designation of the offence set forth in the presentment.
The return on the capias, as made by the sheriff, states it to have been executed on the 14th November, 1838, when it was received in 1837, and made returnable to December term, 1837; and the return does not state what was done by the sheriff with the body of Overaker, which he was required to take; but the record contains a recognizance taken of Overaker by the sheriff, with Wilcox as his surety, reciting that the said Overaker was to appear and answer “ to an indictment for entertaining slaves.” No proceedings appear to have been had in the case, at the December term, 1837, but at the June term, 1838, it is stated in the record, that this day came the district attorney on the part of the state, “ in these four cases,” (without stating what cases,) and that said Overaker being called came not, neither did the said Wilcox, &e.; and forfeited their recogniz *743 anees “in these four cases.” Scire facias issued to December term, 1838, was returned executed, and judgment final taken against the plaintiffs in error, on their default, for five hundred dollars.
The sheriff should have stated, in his return on the bench warrant, what he had done on it; if he took bail, he should have stated it. The bench warrant and the recognizance, and the scire facias should have contained the true cause of the prosecution, with certainty, at least to a common intent. What the clerk meant, in the court below, by “ these four cases,” we are left to conjecture. But, certain it js, that we have now before us four cases, between these same parties; and they are all pretty much alike as to parties and forfeitures, but very different as to the grade of crime.
The judgment mpst be reversed, bench warrant and all subsequent proceedings quashed, and case remanded for further proceedings in the court below, on the presentment of the grand jury.